**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTHONY R. BAKER,

       Plaintiff,

v.                                                                                  Case No. 3:16-cv-224-J-32JBT

MIKE WILLIAMS, et al.,

       Defendants.

_____

### **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, a pretrial detainee at the Duval County Jail who is proceeding as a pauper, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1). He is currently proceeding on a Fourth Amended Complaint (Doc. 23).[1] He names as Defendants Sheriff Mike Williams and the following individuals employed at the jail: Lieutenant Rodriguez, Sergeant Barth, Sergeant Warren, Officer Rodarte, Officer Pollard, and Sergeant Jordan. Plaintiff claims that Defendants were deliberately indifferent when they failed to protect him from an assault by other inmates in the jail.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which

---

[1] Plaintiff filed an Amended Complaint (Doc. 7) and a Second Amended Complaint (Doc. 8). Because his allegations were insufficient and he raised several unrelated claims in one pleading, the Court directed him to file a third and fourth amended complaint. See Docs. 10 (Order dated May 9, 2016), 12 (Third Amended Complaint), 18 (Order dated October 5, 2016). Plaintiff was specifically advised that he must include all allegations and claims that he wishes to raise in the fourth amended complaint. See Order (Doc. 18); see also Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry

2

Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

In the Fourth Amended Complaint, Plaintiff alleges that during the week of January 10, 2016, he contacted investigators through Crime Stoppers and provided "numerous tips." He submitted an inmate request to Defendant Sergeant Warren because Plaintiff wanted to speak to a homicide detective. Plaintiff was called out of his dormitory to an interview room, and Sergeant Warren was in the middle pod of the third floor sergeant station. After the interview, other inmates called Plaintiff a snitch. On January 28, 2016, Plaintiff was attacked in his cell by several inmates associated with the "Cutt Throat Committee Gang." Plaintiff was in pain, he was bleeding, and he had blurred vision after the attack. He notified Defendant Officer Rodarte, who took Plaintiff to the medical unit. Plaintiff was transferred to Shands hospital for treatment.[2] After he returned from the hospital, he was relocated to dormitory 3 West. He submitted several grievances and inmate requests regarding the assault and his inability to obtain employee complaint forms. He alleges that he did not receive any responses.

> "A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment." Goodman v. Kimbrough, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003)); accord Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994) ("[P]rison officials must . . . 'take reasonable measures to

---

[2] The "Contact Log Report" submitted by Plaintiff reflects that on January 28, 2016, Plaintiff was taken to the hospital for stitches and the following note was made: "Do not move back to 3E upon return." Doc. 30-1 at 1.

guarantee the safety of the inmates.'" (quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed.2d 393 (1984))). A deliberate indifference claim thus consists of three elements: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995).

. . .

The second element of a deliberate indifference claim has both a subjective and an objective component. To satisfy the subjective component, a plaintiff must allege facts that would allow a jury to conclude that the defendant actually knew that the plaintiff faced a substantial risk of serious harm. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2015). To satisfy the objective component, a plaintiff must allege facts showing that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. See id.

Scott v. Miami Dade Cty., 657 F. App'x 877, 881, 882-83 (11th Cir. 2016) (footnote omitted);[3]

see Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (recognizing on a motion to

---

[3] When the plaintiff is a pretrial detainee, "the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment, governs." Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013). Because the standard is the same in both contexts, the Court applies decisional law involving Eighth Amendment deliberate indifference claims. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). In a recent published decision, the Eleventh Circuit recognized that Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), does not "extend[] to claims of inadequate medical treatment due to deliberate indifference" brought by pretrial detainees. See Dang v. Sheriff, Seminole Cty. Fla., No. 15-14842, 2017 WL 1856069, at *4 n.1 (11th Cir. May 9, 2017) ("Kingsley involved an excessive force claim, and we are not persuaded that its holding extends to claims of inadequate medical treatment due to deliberate indifference."); see also Denham v. Corizon Health, Inc., - - - F. App'x - - - , 2017 WL 129020, at *4 (11th Cir. Jan. 13, 2017) (recognizing that a pretrial detainee's deliberate indifference claim under the Fourteenth Amendment is "subject to the same scrutiny as if [it] had been brought as [a] deliberate indifference claim[] under the Eighth Amendment"); Shuford v. Conway, 666 F. App'x 811, 818 n.1, 819 (11th Cir. 2016) (on appeal) (applying a deliberate indifference standard in the context of a supervisory liability claim brought by pretrial detainees); Scott, 657 F. App'x at 881 & n.4 (applying the same standard to a pretrial detainee's claim that the defendants were deliberately indifferent to his safety under the Fourteenth Amendment).

dismiss that a plaintiff "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." (quotations and citation omitted)). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Goodman, 718 F.3d at 1332 (quotations and citations omitted); see Bowen v. Warden Baldwin State Prison, 826 F.3d 1312, 1321 (11th Cir. 2016) ("[I]t is only a heightened degree of culpability that will satisfy the subjective knowledge component of the deliberate indifference standard, a requirement that is far more onerous than normal tort-based standards of conduct sounding in negligence." (quotations and citation omitted)); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) ("Merely negligent failure to protect an inmate from attack does not justify liability under section 1983.").

Based on a review of the Fourth Amended Complaint and supplemental exhibits (Docs. 30-31),[4] the Court finds Plaintiff has failed to state a claim upon which relief may be granted. Although inmate-on-inmate violence may create a "substantial risk of serious harm," Plaintiff has not provided any factual allegations to suggest that "violence and terror reign" at the jail. Purcell v. Toombs Cty., Ga., 400 F.3d 1313, 1320 (11th Cir. 2005). Nor has he alleged facts suggesting that the conditions in the jail created a substantial risk of serious harm. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) ("Whether a risk of harm is substantial is an objective inquiry."); cf. Lane, 835 F.3d at 1307-08 (finding that

---

[4] Some of the exhibits attached to Plaintiff's Fourth Amended Complaint and his requests to supplement the record are unrelated to his claims in this case.

5

an inmate's civil rights complaint "sufficiently set out a substantial risk of serious harm" when he alleged that the building in which he was housed consisted of 90% gang members, there were numerous stabbings and beatings, inmates who were not gang members were robbed and stabbed, inmates would make weapons, officers would not confiscate weapons from inmates, and the plaintiff was previously stabbed several times by gang-affiliated inmates). He also has not alleged any facts indicating that the named Defendants knew of a substantial risk of harm and then deliberately chose to disregard that risk.[5] See Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (affirming a district court's dismissal of a failure-to-protect claim, "because [the plaintiff] alleged no facts indicating that any officer was aware of a substantial risk of serious harm to [the plaintiff] from [the inmate-attacker] and failed to take protective measures"). Therefore, his failure-to-protect claim is due to be dismissed.

Under his statement of claims, Plaintiff also lists a violation of his due process rights for Defendants' "failure to train and supervise gang members." To the extent he is attempting to raise a claim alleging that Defendant Sheriff Williams failed to train his officers on how to handle gang members in jail, Plaintiff has not alleged sufficient factual matter to state such a claim. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1328-29 (11th Cir.

---

[5] In some of his exhibits, Plaintiff alleges that he was beaten because Officers with the Jacksonville Sheriff's Office labeled him a snitch and because he spoke to a detective; he also alleges that Officers turned their backs when he was being assaulted. See Docs. 23-9, 23-12, 30-3, 31-6. These generalized allegations are insufficient to change the result here. He does not connect these allegations to the named Defendants, despite being given opportunities to do so and specific direction that "[t]here must be a causal connection between each defendant's acts or omissions and the alleged constitutional deprivation." Order (Doc. 18).

2015); see also Connick v. Thompson, 563 U.S. 51, 60-63 (2011); Keith, 749 F.3d at 1052-53. Additionally, as Plaintiff was previously advised, the Sheriff cannot be held liable on the basis of respondeat superior. See Keith, 749 F.3d at 1047 (citing Cottone, 326 F.3d at 1360). Finally, insofar as Plaintiff raises a negligence or intentional infliction of emotional distress claim, such claims arise under state law. Plaintiff may pursue any state law claims in state court.

Accordingly, it is

**ORDERED**:

1. Plaintiff's requests to supplement the record (Docs. 30-31) are **GRANTED to the extent** that the Court considered the exhibits.

2. This case is **DISMISSED without prejudice**.

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of May, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/10
c:
Anthony R. Baker

7